DENNIS K. BURKE
United States Attorney
District of Arizona
LANNY A. BREUER
Assistant Attorney General
Criminal Division
United States Department of Justice
LAURA J. GWINN
Trial Attorney, Gang Unit
United States Department of Justice
950 Pennsylvania Avenue, N.W., Suite 7649
Washington, D.C. 20530
Telephone: (202) 353-9178
Laura.Gwinn@usdoj.gov

FILED

2010 OCT 27 P 6: 39

RICHARD H. WEARE, CLERK
U.S. DIST. COURT FOR THE
DISTRICT OF ARIZONA

BY_____
DEPUTY CLERK

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

**CR 10 - 3019 TUC**

| | |
|---|---|
| United States of America,<br><br>                    Plaintiff,<br><br>          v.<br><br>Carlos Armando Celaya<br>Gregory Gonzalez<br>Ricardo Mendez<br>Rodrigo Rodriguez-Contreras<br>Siria Valencia<br>Rigoberto Estrella-Sesma<br>Emmanuel Castro<br><br>                    Defendants. | **INDICTMENT**<br><br>Violations:  18 U.S.C. § 371<br>18 U.S.C. §922(d)(5)(A)<br>18 U.S.C. § 922(g)(5)(A)<br>18 U.S.C. § 924(a)(1)(A)<br>18 U.S.C. § 2<br>18 U.S.C. §§ 981(a)(1)(C)<br>and 924(d)<br>28 U.S.C. § 2461(c)<br>Rule 32.2(a), F.R.C.P.<br><br>(Conspiracy; False Statement in Acquisition of a Firearm; Alien in Possession of a Firearm; Transfer Firearm to an Illegal Alien; Aiding and Abetting; Forfeiture Allegation)<br><br>**UNDER SEAL** |

## THE GRAND JURY CHARGES:

U.S. v. Carlos Armando Celaya, et al.    Page 1 of 25

## COUNT 1

Beginning on or about February 6, 2007, and continuing until at least through the end of December 2007, in the District of Arizona and elsewhere, the defendants, CARLOS ARMANDO CELAYA, GREGORY GONZALEZ, RICARDO MENDEZ, RODRIGO RODRIGUEZ-CONTRERAS, SIRIA VALENCIA, RIGOBERTO ESTRELLA-SESMA, and EMMANUEL CASTRO, along with other persons known and unknown to the Grand Jury, did willfully, knowingly, and unlawfully, combine, conspire, confederate, and agree together to:

- make false statements in connection with the acquisition of firearms from federally licensed firearms dealers in violation of Title 18, United States Code, Section 924(a)(1)(A);

- export and take out of the United States of America and into the Republic of Mexico articles on the United States Munitions List without having first obtained from the Department of State a license for such export and written authorization for such export in violation of Title 22, United States Code, Sections 2778 (b)(2) and 2778 (c), and Title 22, Code of Federal Regulations, Sections 121.1, 123.1, and 127.1; and

- export and send from the United States, merchandise, article, and an object contrary to any law and regulation of the United States knowing the same to be intended for exportation contrary to any law and regulation of the United States in violation of Title 18, United States Code, Section 554;

All in violation of Title 18 United States Code, Section 371.

## OVERT ACTS

2. As part, and in furtherance of the conspiracy, at least one of the conspirators performed or caused to be performed at least one of the following overt acts, among others, in the District of Arizona and elsewhere, including but not limited to:

U.S. v. Carlos Armando Celaya, et al.    Page 2 of 25

a.      On or about February 5, 2007, in the District of Arizona, GREGORY GONZALEZ telephoned a representative of Mad Dawg Global Marketing, Inc., to inquire about gun purchases for friends.

b.      On or about February 7, 2007, in or near Tucson, Arizona, GREGORY GONZALEZ, CARLOS ARMANDO CELAYA, and another person unknown to the Grand Jury purchased four (4) Century Arms AK-47 type firearms from Mad Dawg Global Marketing, Inc., a federally licensed firearms dealer, and during the course of such purchase falsely represented on the Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473 that Gregory Gonzalez was the actual purchaser of said firearms.

c.      On or about February 18, 2007, in or near Tucson, Arizona, GREGORY GONZALEZ, CARLOS ARMANDO CELAYA, and two persons unknown to the Grand Jury purchased one (1) DPMS A-1 Lite and one (1) Century Arms AK-47 type firearms from Mad Dawg Global Marketing, Inc., a federally licensed firearms dealer, and during the course of such purchase falsely represented on the Bureau of Alcohol, Tobacco, Firearms, and Explosives Form 4473 that Gregory Gonzalez was the actual purchaser of said firearms.

d.      On or about February 20, 2007, in or near Tucson, Arizona, GREGORY GONZALEZ, CARLOS ARMANDO CELAYA, and two others unknown to the Grand Jury purchased two (2) DPMS A-1 Lite, and two (2) Century Arms AK-47 type firearms from Mad Dawg Global Marketing, Inc., a federally licensed firearms dealer, and during the course of such purchase falsely represented on the Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473 that Gregory Gonzalez was the actual purchaser of said firearms.

e.      On or about February 22, 2007, in or near Tucson, Arizona, CARLOS ARMANDO CELAYA purchased one (1) Century Arms AK-47 type firearm from Mad Dawg Global Marketing, Inc., a federally licensed firearms dealer, and during the course of such purchase falsely represented on the Bureau of Alcohol, Tobacco, Firearms, and Explosives Form 4473 that he was the actual purchaser of said firearms.

f.    On or about March 20, 2007, in or near Tucson, Arizona, CARLOS ARMANDO CELAYA, RICARDO MENDEZ, RODRIGO RODRIGUEZ-CONTRERAS and another person unknown to the Grand Jury purchased twenty-one (21) firearms from Mad Dawg Global Marketing, Inc., a federally licensed firearms dealer, and during the course of such purchase falsely represented on the Bureau of Alcohol, Tobacco, Firearms, and Explosives Form 4473 that Carlos Armando Celaya was the actual purchaser of said firearms.

g.    On or about March 20, 2007, in or near Tucson, Arizona, CARLOS ARMANDO CELAYA, RICARDO MENDEZ, RODRIGO RODRIGUEZ-CONTRERAS and another person unknown to the Grand Jury purchased one (1) firearm from Mad Dawg Global Marketing, Inc., a federally licensed firearms dealer, and during the course of such purchase falsely represented on the Bureau of Alcohol, Tobacco, Firearms, and Explosives Form 4473 that Ricardo Mendez was the actual purchaser of said firearms.

h.    On or about March 29, 2007, in or near Tucson, Arizona, CARLOS ARMANDO CELAYA spoke telephonically with a representative of Mad Dawg Global Marketing, Inc., about a future purchase of firearms for others.

i.    On or about March 30, 2007, in or near Tucson, Arizona, EMMANUEL CASTRO and CARLOS ARMANDO CELAYA purchased thirteen (13) firearms from Mad Dawg Global Marketing, Inc., a federally licensed firearms dealer, and during the course of such purchase falsely represented on the Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473 that Emmanuel Castro was the actual purchaser of said firearms.

j.    On or about March 30, 2007, in or near Tucson, Arizona, EMMANUEL CASTRO and CARLOS ARMANDO CELAYA purchased thirteen (13) firearms from Mad Dawg Global Marketing, Inc., a federally licensed firearms dealer, and during the course of such purchase falsely represented on the Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473 that Carlos Armando Celaya was the actual purchaser of said firearms.

U.S. v. Carlos Armando Celaya, et al.    Page 4 of 25

k.    On or about April 3, 2007, in or near Tucson, Arizona, CARLOS ARMANDO CELAYA and SIRIA VALENCIA, along with Israel Egurrola-Leon purchased five (5) firearms from Mad Dawg Global Marketing, Inc., a federally licensed firearms dealer, and during the course of such purchase did falsely represent on the Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473 that Carlos Armando Celaya was the actual purchaser of said firearms.

l.    On or about April 3, 2007, in or near Tucson, Arizona, Israel Egurrola-Leon paid $4230.00 to a federally licensed firearms dealer for firearms purchased that date and paid approximately $500.00 to CARLOS ARMANDO CELAYA and $100.00 to SIRIA VALENCIA.

m.    Between on or about April 4, 2007 and April 11, 2007, in the District of Arizona, CARLOS ARMANDO CELAYA, on behalf of Israel Egurrola-Leon, telephonically contacted a representative of Mad Dawg Global Marketing, Inc., a federally licensed firearms dealer, to discuss the purchase of firearms.

n.    On or about April 11, 2007, in or near Tucson, Arizona, CARLOS ARMANDO CELAYA and Israel Egurrola-Leon purchased twenty-eight nine (29) firearms from Mad Dawg Global Marketing, Inc., a federally licensed firearms dealer, and during the course of such purchase did falsely represent on the Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473 that Carlos Armando Celaya was the actual purchaser of said firearms.

o.    On or about April 11, 2007 in or near Tucson, Arizona, Israel Egurrola-Leon paid a representative of Mad Dawg Global Marketing, Inc., a federally licensed firearms dealer, cash which he represented to be $33,825.00 for the purchase of twenty-eight (28) firearms.

p.    On or about April 28, 2007, in or near Tucson, Arizona, CARLOS ARMANDO CELAYA and Israel Egurrola-Leon ordered firearms from a representative of

Mad Dawg Global Marketing, Inc., and Israel Egurrola-Leon provided the representative with a $20,000.00 cash deposit.

q. On or about May 7, 2007, in or near Tucson, Arizona, CARLOS ARMANDO CELAYA purchased four (4) firearms and five (5) magazines from Mad Dawg Global Marketing, Inc., a federally licensed firearms dealer, and during the course of such purchase falsely represented on the Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473 that he was the actual purchaser of said firearms.

r. On or about May 9, 2007, in or near Tucson, Arizona, CARLOS ARMANDO CELAYA and Israel Egurrola-Leon purchased two (2) firearms and two (2) magazines from Mad Dawg Global Marketing, Inc., a federally licensed firearms dealer, and during the course of such purchase falsely represented on the Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473 that Carlos Armando Celaya was the actual purchaser of said firearms.

s. On or about May 9, 2007, in or near Tucson, Arizona, Israel Egurrola-Leon examined additional firearms to purchase at a later date.

t. On or about May 22, 2007, in or near Tucson, Arizona, Israel Egurrola-Leon gave SIRIA VALENCIA approximately $22,000.00 for the purchase of the firearms which had been ordered on or about April 28, 2007. SIRIA VALENCIA, in turn, gave the money to CARLOS ARMANDO CELAYA to complete the purchase.

u. On or about May 22, 2007, in or near Tucson, Arizona, CARLOS ARMANDO CELAYA purchased thirty (30) firearms on behalf of Israel Egurrola-Leon from Mad Dawg Global Marketing, Inc., a federally licensed firearms dealer, and during the course of such purchase falsely represented on the Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473 that he was the actual purchaser of said firearms.

v. On or about May 22, 2007, in or near Tucson, Arizona, CARLOS ARMANDO CELAYA and RODRIGO RODRIGUEZ-CONTRERAS purchased eighteen (18) firearms from Mad Dawg Global Marketing, Inc., a federally licensed firearms dealer, and during the

course of such purchase falsely represented on the Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473 that Carlos Armando Celaya was the actual purchaser of said firearms.

w.   On or about May 22, 2007, in or near Tucson, Arizona, CARLOS ARMANDO CELAYA, and SIRIA VALENCIA stored the thirty (30) firearms which Celaya had purchased on behalf of Israel Egurrola-Leon within a residence located at 808 E. Silverlake, Tucson, Arizona.

x.   On or about May 23, 2007, in or near Tucson, Arizona, CARLOS ARMANDO CELAYA and RODRIGO RODRIGUEZ-CONTRERAS purchased seven (7) firearms from Mad Dawg Global Marketing, Inc., a federally licensed firearms dealer, and during the course of such purchase falsely represented on the Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473 that Carlos Armando Celaya was the actual purchaser of said firearms.

y.   On or about May 28, 2007 in or near Tucson, Arizona, CARLOS ARMANDO CELAYA and RODRIGO RODRIGUEZ-CONTRERAS purchased thirteen (13) firearms from Mad Dawg Global Marketing, Inc., a federally licensed firearms dealer, and during the course of such purchase falsely represented on the Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473 that Carlos Armando Celaya was the actual purchaser of said firearms.

z.   On or about June 3, 2007, in or near Tucson, Arizona, RODRIGO RODRIGUEZ-CONTRERAS was in possession of the firearm which had been purchased by RICARDO MENDEZ on or about March 20, 2007.

aa.   On or about June 26, 2007, in or near Tucson, Arizona, CARLOS ARMANDO CELAYA, RIGOBERTO ESTRELLA-SESMA and another person known to the Grand Jury purchased twenty-two (22) firearms from Mad Dawg Global Marketing, Inc., a federally licensed firearms dealer, and during the course of such purchase falsely represented on the Bureau of Alcohol, Tobacco, Firearms and Explosives Forms 4473 that Carlos Armando Celaya and another person known to the Grand Jury were the actual purchasers of said firearms.

U.S. v. Carlos Armando Celaya, et al.     Page 7 of 25

bb.   On or about July 12, 2007, in or near Tucson, Arizona, RIGOBERTO ESTRELLA-SESMA drove a vehicle registered to EMMANUEL CASTRO to a location to purchase firearms.

cc.   On or about July 12, 2007, in or near Tucson, Arizona, CARLOS ARMANDO CELAYA, RIGOBERTO ESTRELLA-SESMA, and another person known to the Grand Jury purchased thirty-six (36) firearms from Mad Dawg Global Marketing, Inc., a federally licensed firearms dealer, and during the course of such purchase falsely represented on the Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473 that another person known to the Grand Jury  was the actual purchaser of said firearms.

dd.   On or about July 12, 2007, in or near Tucson, Arizona, RIGOBERTO ESTRELLA-SESMA paid $32,744.00 in cash for the purchase of thirty-six (36) firearms.

ee.   On or about July 12, 2007, in or near Tucson, Arizona, RIGOBERTO ESTRELLA-SESMA was driving a vehicle registered to Emmanuel Castro, which vehicle contained 32 firearms.  When police attempted to stop it, RIGOBERTO ESTRELLA-SESMA and another person known to the Grand Jury fled from the vehicle.

ff.   On or about September 12, 2007, in or near Tucson, Arizona, CARLOS ARMANDO CELAYA and SIRIA VALENCIA purchased twenty-one (21) firearms from Mad Dawg Global Marketing, Inc., a federally licensed firearms dealer, and during the course of such purchase falsely represented on the Bureau of Alcohol, Tobacco, Firearms and Explosives Forms 4473 that Siria Valencia and Carlos Armando Celaya were the actual purchasers of said firearms.

gg.   On or about October 4, 2007, in or near Tucson, Arizona, CARLOS ARMANDO CELAYA purchased thirty-six (36) firearms from Mad Dawg Global Marketing, Inc., a federally licensed firearms dealer, and during the course of such purchase falsely represented on the Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473 that he was the actual purchasers of said firearms.

U.S. v. Carlos Armando Celaya, et al.     Page 8 of 25

hh.    On or about October 5, 2007, in or near the Port of Nogales, Arizona, Francisco Lacarra-Badilla attempted to cross the border into Mexico in a vehicle containing fifteen (15) of the firearms which had been obtained by CARLOS ARMANDO CELAYA on October 4, 2007.

ii.    Between on or about February 2007, and on or about August 23, 2008, firearms for which a Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473 had been completed by CARLOS ARMANDO CELAYA were transported to or near the State of Sonora, Mexico.

All in violation of United States Code, Title 18, Section 371.

### COUNT 2

3.    On or about February 7, 2007, in the District of Arizona, defendants GREGORY GONZALEZ and CARLOS ARMANDO CELAYA in connection with the acquisition of four (4) Century Arms AK-47 type firearms, caliber 7.62 x 39, Serial Nos. SBK2827-85, PU5726-85, RH4687-86, and AKMP00359 from Mad Dawg Global Marketing, Inc., a federally licensed firearms dealer, knowingly made a false statement and representation with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, in that the defendants did represent on the Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473, Firearms Transaction Record, that Gregory Gonzalez was the actual purchaser of the firearms, when in truth and in fact, as the defendants knew, he was not the actual purchaser of the firearms; in violation of Title 18, United States Code, Sections 924(a)(1)(A) and 2.

### COUNT 3

4.    On or about February 18, 2007, in the District of Arizona, defendants GREGORY GONZALEZ, and CARLOS ARMANDO CELAYA, in connection with the acquisition of two (2) firearms, to wit: one (1) DPMS A-1 Lite caliber .223, Serial No. F063585; and one (1) Century Arms AK-47 caliber 7.62 x 39, Serial No. AMD6500-454

from Mad Dawg Global Marketing, Inc., a federally licensed firearms dealer, knowingly made a false statement and representation with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, in that the defendants did represent on the Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473, Firearms Transaction Record, that Gregory Gonzalez was the actual purchaser of the firearms, when in truth and in fact, as the defendants knew, he was not the actual purchaser of the firearms; in violation of Title 18, United States Code, Sections 924(a)(1)(A) and 2.

## COUNT 4

5.    On or about February 20, 2007, in the District of Arizona, defendants GREGORY GONZALEZ and CARLOS ARMANDO CELAYA, in connection with the acquisition of four (4) firearms, to wit: two (2) DPMS A-1 Lite caliber .223, Serial Nos. F063582 and F058797, and two (2) Century Arms AK-47 caliber 7.62 x 39, Serial Nos. BJ3762-85 and AMD6500-445 from Mad Dawg Global Marketing, Inc., a federally licensed firearms dealer, knowingly made a false statement and representation with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, in that the defendants did represent on the Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473, Firearms Transaction Record, that Gregory Gonzalez was the actual purchaser of the firearms, when in truth and in fact, as the defendants knew, he was not the actual purchaser of the firearms; in violation of Title 18, United States Code, Sections 924(a)(1)(A) and 2.

## COUNT 5

6.    On or about March 20, 2007, in the District of Arizona, defendants CARLOS ARMANDO CELAYA, RICARDO MENDEZ, RODRIGO RODRIGUEZ-CONTRERAS and another person unknown to the United States, in connection with the acquisition of twenty-one (21) firearms as listed in Attachment A, Part I and incorporated herein from Mad Dawg Global Marketing, Inc., a federally licensed firearms dealer, knowingly made a false

U.S. v. Carlos Armando Celaya, et al.    Page 10 of 25

statement and representation with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, in that the defendants did represent on the Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473, Firearms Transaction Record, that Carlos Armando Celaya was the actual purchaser of the firearms, when in truth and in fact, as the defendants knew, he was not the actual purchaser of the firearms; in violation of Title 18, United States Code, Sections 924(a)(1)(A) and 2.

## COUNT 6

7. On or about March 20, 2007, in the District of Arizona, defendants RICARDO MENDEZ and RODRIGO RODRIGUEZ-CONTRERAS, in connection with the acquisition of one (1) firearm, to wit: a Colt Government caliber .38 super, Serial No. 38SS02876 from Mad Dawg Global Marketing, Inc., a federally licensed firearms dealer, knowingly made a false statement and representation with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, in that the defendants did represent on the Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473, Firearms Transaction Record, that Ricardo Mendez was the actual purchaser of the firearms, when in truth and in fact, as the defendants knew, he was not the actual purchaser of the firearms; in violation of Title 18, United States Code, Sections 924(a)(1)(A) and 2.

## COUNT 7

8. On or about March 30, 2007, in the District of Arizona, defendants CARLOS ARMANDO CELAYA and EMMANUEL CASTRO, in connection with the acquisition of thirteen (13) firearms as listed and described in Attachment A, Part II and incorporated herein from Mad Dawg Global Marketing, Inc., a federally licensed firearms dealer, knowingly made a false statement and representation with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, in that the defendants did represent on the Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473, Firearms Transaction Record, that Carlos Armando Celaya was the actual purchaser of the firearms,

U.S. v. Carlos Armando Celaya, et al. Page 11 of 25

when in truth and in fact, as the defendants knew, he was not the actual purchaser of the firearms; in violation of Title 18, United States Code, Sections 924(a)(1)(A) and 2.

## COUNT 8

9.    On or about April 3, 2007, in the District of Arizona, defendants CARLOS ARMANDO CELAYA and SIRIA VALENCIA, along with Israel Egurrola-Leon, in connection with the acquisition of five (5) firearms, to wit: one (1) WiseLite AK-47 caliber 7.62 x 39, Serial No. 12915; one (1) Colt Government caliber .38 Super, Serial No 38SS02846; one (1) DPMS A-1 Lite caliber .223, Serial No. F068160; one (1) Rock River Arms A2 Carbine caliber .223, Serial No. 93617; and one (1) STW 22A caliber .22LR, Serial No. UBS3739 from Mad Dawg Global Marketing, Inc., a federally licensed firearms dealer, knowingly made a false statement and representation with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, in that the defendants did represent on the Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473, Firearms Transaction Record, that Carlos Armando Celaya was the actual purchaser of the firearms, when in truth and in fact, as the defendants knew, he was not the actual purchaser of the firearms; in violation of Title 18, United States Code, Sections 924(a)(1)(A) and 2.

## COUNT 9

10.  On or about April 11, 2007, in the District of Arizona, defendant CARLOS ARMANDO CELAYA and Israel Egurrola-Leon, in connection with the acquisition of twenty-nine (29) firearms as listed and described in Attachment A, Part III and incorporated herein, from Mad Dawg Global Marketing, Inc., a federally licensed firearms dealer, knowingly made a false statement and representation with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, in that the defendants did represent on the Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473, Firearms Transaction Record, that Carlos Armando Celaya was the actual purchaser of the firearms,

when in truth and in fact, as the defendants knew, he was not the actual purchaser of the firearms; in violation of Title 18, United States Code, Sections 924(a)(1)(A) and 2.

## COUNT 10

11.    On or about May 7, 2007, in the District of Arizona, defendant CARLOS ARMANDO CELAYA, in connection with the acquisition of four (4) firearms, to wit: two (2) Century AK-47 caliber 7.62 x 39, Serial Nos. RE-8201-86 and M70AB17940; one (1) WiseLite AK Pistol caliber 7.62 x 39, Serial No. 0013771; and one (1) Century AK Pistol caliber 7.62 x 39, Serial No. AKMP01315, from Mad Dawg Global Marketing, Inc., a federally licensed firearms dealer, knowingly made a false statement and representation with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, in that the defendant did represent on the Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473, Firearms Transaction Record, that he was the actual purchaser of the firearms, when in truth and in fact, as the defendant knew, he was not the actual purchaser of the firearms; in violation of Title 18, United States Code, Sections 924(a)(1)(A) and 2.

## COUNT 11

12.    On or about May 10, 2007, in the District of Arizona, defendant CARLOS ARMANDO CELAYA, in connection with the acquisition of fourteen (14) firearms as listed and described in Attachment A, Part IV and incorporated herein, from Mad Dawg Global Marketing, Inc., a federally licensed firearms dealer, knowingly made a false statement and representation with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, in that the defendant did represent on the Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473, Firearms Transaction Record, that Carlos Armando Celaya was the actual purchaser of the firearms, when in truth and in fact, as the defendant knew, he was not the actual purchaser of the firearms; in violation of Title 18, United States Code, Sections 924(a)(1)(A) and 2.

U.S. v. Carlos Armando Celaya, et al.    Page 13 of 25

## COUNT 12

13.    On or about May 22, 2007, in the District of Arizona, defendants CARLOS ARMANDO CELAYA and SIRIA VALENCIA, along with Israel Egurrola-Leon, in connection with the acquisition of thirty (30) firearms as listed and described in Attachment A, Part V and incorporated herein, from Mad Dawg Global Marketing, Inc., a federally licensed firearms dealer, knowingly made a false statement and representation with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, in that the defendants did represent on the Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473, Firearms Transaction Record, that Carlos Armando Celaya was the actual purchaser of the firearms, when in truth and in fact, as the defendants knew, he was not the actual purchaser of the firearms; in violation of Title 18, United States Code, Sections 924(a)(1)(A) and 2.

## COUNT 13

14.    On or about May 22, 2007, in the District of Arizona, the defendant, CARLOS ARMANDO CELAYA, knowingly transferred the firearms listed in Attachment A, Part V and incorporated herein, to Israel Egurrola-Leon, knowing and having reasonable cause to believe that Israel Egurrola-Leon was then an alien illegally and unlawfully in the United States in violation of Title 18, United States Code, 922(d)(5)(A) and 924(a)(2).

## COUNT 14

15.    On or about May 22, 2007, in the District of Arizona, defendants CARLOS ARMANDO CELAYA and RODRIGO RODRIGUEZ- CONTRERAS, in connection with the acquisition of eighteen (18) firearms as listed and described in Attachment A, Part VI and incorporated herein, from Mad Dawg Global Marketing, Inc., a federally licensed firearms dealer, knowingly made a false statement and representation with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, in that the defendants did represent on the Bureau of Alcohol, Tobacco, Firearms and Explosives Form

4473, Firearms Transaction Record, that Carlos Armando Celaya was the actual purchaser of the firearms, when in truth and in fact, as the defendants knew, he was not the actual purchaser of the firearms; in violation of Title 18, United States Code, Sections 924(a)(1)(A) and 2.

**COUNT 15**

16.    On or about May 22, 2007, in the District of Arizona, the defendant RODRIGO RODRIGUEZ- CONTRERAS being an alien illegally and unlawfully in the United States, did knowingly possess eighteen (18) firearms, to wit: those listed in Attachment A, Part VI and incorporated herein, in and affecting commerce, in violation of Title 18, United States Code, Section 922(g)(5)(A) and 924(a)(2).

**COUNT 16**

17.    On or about May 23, 2007, in the District of Arizona, defendants CARLOS ARMANDO CELAYA and RODRIGO RODRIGUEZ- CONTRERAS, in connection with the acquisition of seven (7) firearms as listed and described in Attachment A, Part VII and incorporated herein, from Mad Dawg Global Marketing, Inc., a federally licensed firearms dealer, knowingly made a false statement and representation with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, in that the defendants did represent on the Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473, Firearms Transaction Record, that Carlos Armando Celaya was the actual purchaser of the firearms, when in truth and in fact, as the defendants knew, he was not the actual purchaser of the firearms; in violation of Title 18, United States Code, Sections 924(a)(1)(A) and 2.

**COUNT 17**

18. On or about May 23, 2007, in the District of Arizona, the defendant RODRIGO RODRIGUEZ- CONTRERAS, being an alien illegally and unlawfully in the United States, did knowingly possess seven (7) firearms, to wit: those listed in Attachment A, Part VII and

U.S. v. Carlos Armando Celaya, et al.    Page 15 of 25

incorporated herein, in and affecting commerce, in violation of Title 18, United States Code, Section 922(g)(5)(A) and 924(a)(2).

### COUNT 18

19.   On or about May 28, 2007, in the District of Arizona, defendants CARLOS ARMANDO CELAYA and RODRIGO RODRIGUEZ- CONTRERAS, in connection with the acquisition of thirteen (13) firearms as listed and described in Attachment A, Part VIII and incorporated herein, from Mad Dawg Global Marketing, Inc., a federally licensed firearms dealer, knowingly made a false statement and representation with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, in that the defendants did represent on the Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473, Firearms Transaction Record, that Carlos Armando Celaya was the actual purchaser of the firearms, when in truth and in fact, as the defendants knew, he was not the actual purchaser of the firearms; in violation of Title 18, United States Code, Sections 924(a)(1)(A) and 2.

### COUNT 19

20.   On or about May 28, 2007, in the District of Arizona, the defendant RODRIGO RODRIGUEZ- CONTRERAS being an alien illegally and unlawfully in the United States, did knowingly possess thirteen (13) firearms, to wit: those listed in Attachment A, Part VIII and incorporated herein, in and affecting commerce, in violation of Title 18, United States Code, Section 922(g)(5)(A) and 924(a)(2).

### COUNT 20

21.   On or about June 26, 2007, in the District of Arizona, defendants CARLOS ARMANDO CELAYA, RIGOBERTO ESTRELLA-SESMA, and another person known to the Grand Jury in connection with the acquisition of sixteen (16) firearms as listed and described in Attachment A, Part IX and incorporated herein, from Mad Dawg Global Marketing, Inc., a federally licensed firearms dealer, knowingly made a false statement and

U.S. v. Carlos Armando Celaya, et al.     Page 16 of 25

representation with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, in that the defendants did represent on the Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473, Firearms Transaction Record, that a person known to the Grand Jury was the actual purchaser of the firearms, when in truth and in fact, as the defendants knew, she was not the actual purchaser of the firearms; in violation of Title 18, United States Code, Sections 924(a)(1)(A) and 2.

## COUNT 21

22.   On or about June 26, 2007, in the District of Arizona, the defendant RIGOBERTO ESTRELLA-SESMA, being an alien illegally and unlawfully in the United States, did knowingly possess sixteen (16) firearms, to wit: those listed in Attachment A, Part IX and incorporated herein, in and affecting commerce;  in violation of Title 18, United States Code, Section 922(g)(5)(A) and 924(a)(2).

## COUNT 22

23.  On or about July 12, 2007, in the District of Arizona, defendants CARLOS ARMANDO CELAYA, RIGOBERTO ESTRELLA-SESMA, and another person known to the Grand Jury in connection with the acquisition of thirty-six (36) firearms as listed and described in Attachment A, Part X and incorporated herein, from Mad Dawg Global Marketing, Inc., a federally licensed firearms dealer, knowingly made a false statement and representation with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, in that the defendants did represent on the Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473, Firearms Transaction Record, that a person known to the Grand Jury was the actual purchaser of the firearms, when in truth and in fact, as the defendants knew, she was not the actual purchaser of the firearms; in violation of Title 18, United States Code, Sections 924(a)(1)(A) and 2.

//

//

U.S. v. Carlos Armando Celaya, et al.     Page 17 of 25

## COUNT 23

24. On or about July 12, 2007, in the District of Arizona, the defendant RIGOBERTO ESTRELLA-SESMA, being an alien illegally and unlawfully in the United States, did knowingly possess thirty-six (36) firearms, to wit: those listed in Attachment A, Part X and incorporated herein, in and affecting commerce, in violation of Title 18, United States Code, Section 922(g)(5)(A) and 924(a)(2).

## COUNT 24

25. On or about June 26, 2007, in or near Tucson, Arizona, defendant CARLOS ARMANDO CELAYA in connection with the acquisition of six (6) firearms, to wit: two (2) Century Arms M72 caliber 7.62 x 39, Serial Nos. M7200132 and M7200136; one (1) Century Arms Champion caliber 7.62 x 39, Serial No. CN 0925-07; two (2) Century Arms WASR-10 caliber 7.62 x 39, Serial Nos. RE-9826-86 and RE-5618-8; and one (1) Special Interest AUSA caliber 7.62 x 39, Serial No. B0066, from Mad Dawg Global Marketing, Inc., a federally licensed firearms dealer, knowingly made a false statement and representation with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, in that the defendant did represent on the Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473, Firearms Transaction Record, that he was the actual purchaser of the firearms, when in truth and in fact, as the defendant knew, he was not the actual purchaser of the firearms; in violation of Title 18, United States Code, Sections 924(a)(1)(A) and 2.

## COUNT 25

26. On or about September 12, 2007, in the District of Arizona, defendant CARLOS ARMANDO CELAYA, in connection with the acquisition of ten (10) firearms, to wit: seven (7) FN-USA FiveSeven caliber 5.7x28mm, Serial Nos. 386146679, 386146677, 386146680, 386146698, 386146691, 386146693, 386146697; one (1) Taurus PT92 caliber 9mm, Serial No. TAR99351; and two (2) Special Interest AUSA caliber 7.62x39, Serial Nos. B0428 and B0411, from Mad Dawg Global Marketing, Inc., a federally licensed

firearms dealer, knowingly made a false statement and representation with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, in that the defendant did represent on the Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473, Firearms Transaction Record, that he was the actual purchaser of the firearms, when in truth and in fact, as the defendant knew, he was not the actual purchaser of the firearms; in violation of Title 18, United States Code, Sections 924(a)(1)(A) and 2.

## COUNT 26

27. On or about September 12, 2007, in the District of Arizona, defendants CARLOS ARMANDO CELAYA and SIRIA VALENCIA, along with Israel Egurrola-Leon, in connection with the acquisition of eleven (11) firearms, to wit: ten (10) Colt Government caliber .38 Super, Serial Nos. 38SS03389, 38SS03150, 38SS03240, 38SS03171, 38SS03376, 2821170, 2821155, 2821153, 2821152, 2821157; and one (1) Special Interest Arms MicroGalil caliber 7.62x39, Serial No. A7334 from Mad Dawg Global Marketing, Inc., a federally licensed firearms dealer, knowingly made a false statement and representation with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, in that the defendants did represent on the Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473, Firearms Transaction Record, that Siria Valencia was the actual purchaser of the firearms, when in truth and in fact, as the defendants knew, she was not the actual purchaser of the firearms; in violation of Title 18, United States Code, Sections 924(a)(1)(A) and 2.

## COUNT 27

28. On or about October 4, 2007, in or near Tucson, Arizona, defendant CARLOS ARMANDO CELAYA, in connection with the acquisition of thirty-six (36) firearms as listed in Attachment A, Part XI and incorporated herein, from Mad Dawg Global Marketing, Inc., a federally licensed firearms dealer, knowingly made a false statement and representation with respect to information required by the provisions of Chapter 44 of Title 18, United

States Code, in that the defendant did represent on the Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473, Firearms Transaction Record, that he was the actual purchaser of the firearms, when in truth and in fact, as the defendant knew, he was not the actual purchaser of the firearms; in violation of Title 18, United States Code, Sections 924(a)(1)(A) and 2.

## FORFEITURE ALLEGATION

Upon conviction of one or more of the offenses alleged in Counts One through Twenty-Seven of this Indictment, defendants, CARLOS ARMANDO CELAYA, GREGORY GONZALEZ, RICARDO MENDEZ, RODRIGO RODRIGUEZ-CONTRERAS, SIRIA VALENCIA, RIGOBERTO ESTRELLA-SESMA, and EMMANUEL CASTRO shall forfeit to the United States:

1) pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property real or personal, which constitutes or is derived from proceeds traceable to a violation of Title 18, United States Code, Section 371, Title 22, United States Code, Section 2778, or Title 18 United States Code, Section 554;

2) pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c), any firearms and ammunition involved in or used in any willful violation of any provision of Title 18, United States Code, Chapter 44 (18 U.S.C. §§ 921-931) or any rule or regulation promulgated thereunder, including, but not limited to the firearms specifically listed in each count and Attachment A of this indictment;

3) pursuant to Title 28, United States Code, Section 2461(c), any arms or munitions of war or other articles in violation of law which were exported, or intended to be exported, out of the United States in violation of Title 22, United States Code, Section 2778; and

4) a sum of money equal to the amount of proceeds obtained as a result of the offenses, for which the defendants are jointly and severally liable.

U.S. v. Carlos Armando Celaya, et al.    Page 20 of 25

If any of the property described above, as a result of any act or omission of the defendants:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), as incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of said defendants up to the value of the above forfeitable property, including, but not limited to, all property, both real and personal, owned by the defendants.

All pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 924(d); 28 U.S.C. § 2461(c) and Rule 32.2(a), Federal Rules of Criminal Procedure.

A TRUE BILL

_____
Foreperson of the Grand Jury

_____
LAURA GWINN
Trial Attorney, Gang Unit
U.S. Department of Justice
950 Pennsylvania Ave., NW
Suite 7649
Washington, D.C. 20005

OCT 2 7 2010

U.S. v. Carlos Armando Celaya, et al.    Page 21 of 25

**ATTACHMENT A**

**I. Firearms Purchased March 20, 2007 (Count 5)**

| | |
|---|---|
| 2 | Colt Government .38 caliber Serial Nos. 385502908, 385502909 |
| 1 | Century Arms AK Pistol caliber 7.62 x 39, Serial No. AKMP01365 |
| 1 | Century Arms WASR caliber 7.62 x 39, Serial No. EM2477-73 |
| 17 | Century Arms AKM caliber 7.62 x 39, Serial Nos.: |

AMD6501863, AMD6501585, AMD6501835, AMD6500465

AMD6501593, AMD6500667, AMD6501039, AMD6501617, AMD6500653, AMD6501557, AMD6501553, AMD6500312, AMD6501041, AMD6501292, AMD6501855, AMD6501434, AMD6501074

**II. Firearms Purchased March 30, 2007 (Count 7)**

| | |
|---|---|
| 2 | Colt Government caliber .38 Serial No. 38SS02948, 38SS02859 |
| 2 | Rock River Arms LAR-15 caliber .223 Serial Nos. 84047 and 81031 |
| 1 | Beretta M21A caliber .25 Serial No. DAA408416 |
| 8 | Century Arms AK-47 caliber 7.62 x 39 Serial Nos. AKMP00781, AKMP00469, AKMP01368, AKMP01122, AKMP00499, AKMP00104, AKMP00247, AKMP00796 |

**III. Firearms Purchased April 11, 2007 (Count 9)**

| | |
|---|---|
| 3 | Century WASR AK-47 caliber 7.62 x 39, Serial Nos. RS-4660-66, RG2971-86, XCZ-0371-71 |
| 1 | Century AKM caliber 7.62 x 39, Serial No. AMD6500359 |
| 1 | DPMS Agency caliber .223 Serial No. F041412 |
| 22 | Colt Government caliber .38, Serial Nos: 38SS02786, 38SS02766, 38SS02777, 38SS02776, 38SS02801, 38SS02910, 38SS02832, 38SS02897, 38SS02874, 38SS02933, 38SS02882, 38SS02921, 38SS02935, 38SS02858, 38SS02825, 38SS02912, 38SS02879, 38SS02932, 38SS02767, 38SS02900, 38SS02819, 38SS02903 |
| 1 | Beretta 84 caliber .380 Serial No. H29540Y |
| 1 | Beretta 92FS caliber 9mm Serial No. H82092Z |

//

//

U.S. v. Carlos Armando Celaya, et al.     Page 22 of 25

**IV.  Firearms Purchased May 10, 2007 (Count 11)**

8 — Colt Government caliber .38 Serial Nos: 38SS03141, 38SS03135, 38SS03103, 38SS03148, 38SS03071, 38SS03076, 38SS02957, 38SS02982

4 — WiseLite Gen III AK caliber 7.62 x 39 Serial Nos. 0013733, 0012915, 0013725, 0013744

1 — RockRiver Arms A2 Carbine caliber .223 Serial No. 98586

1 — RockRiver Arms A4 Carbine caliber .223 Serial No. 96050

**V.  Firearms Purchased May 22, 2007 (Count 12 & 13)**

30 — Colt Government caliber .38 Serial Nos: 38SS02860, 38SS02785, 38SS02848, 38SS02843, 38SS02878, 38SS02856, 38SS02731, 38SS02889, 38SS02817, 38SS02916, 38SS02722, 38SS03003, 38SS03024, 38SS02981, 38SS03014, 38SS03029, 38SS02989, 38SS03019, 38SS02988, 38SS03037, 38SS02831, 38SS02875, 38SS02938, 38SS02868, 38SS02930, 28SS02902, 38SS02770, 38SS02906, 38SS02923, 38SS02937

**VI.  Firearms Purchased May 22, 2007 (Count 14 & 15)**

1 — Colt Commander Caliber .45 Serial No. CJ-34178

1 — WiseLite GenIII caliber 7.62 x 39 Serial No. 0013735

1 — WiseLite GenIII caliber 7.62 x 39 Serial No. 0013765

11 — Century Arms WASR-10 AK caliber 7.62 x 39 Serial Nos. BI-0639-85, AP-2773-84, IG-2663-78, BB-2093-85, EH-2649-73, AP-4781-82, AF-1480-81, EG-0366-72, NV-3011-84, IO-1439-78, AF-3652-80

1 — Century Arms AK47 caliber 7.62 x 39 Serial No. M70B02627

1 — DPMS AP4 caliber .223 Serial No. F044585

2 — Rock River Arms TASC caliber .223, Serial Nos. 98798, 98804

**VII.  Firearms Purchased May 23, 2007 (Count 16 & 17)**

4 — Century Arms Champion caliber 7.62 x 39 Serial Nos. CN 033007, CN 085107, CN 038707, CN003307

1 — RockRiver Arms A2 Carbine caliber .223 Serial No. 104219

2 — CenturyArms WASR-10 caliber 7.62 x 39 Serial Nos. IA-4626-78, HA-2983-77

U.S. v. Carlos Armando Celaya, et al.    Page 23 of 25

**VIII.  Firearms Purchased May 28, 2007 (count 18 & 19)**

8    Colt Government caliber .38 Serial No. 2821024, 2821067, 2820999, 2821052, 38SS03136, 38SS03113, 38SS03133, 2821021

1    WiseLite GenIII caliber 7.62 x 39 Serial No. 0013754

1    RockRiver Arms TAC-Entry caliber .223 Serial No 101511

1    RockRiver Arms A4 Carbine caliber .223 Serial No. 104663

1    RockRiver Arms A2 Carbine caliber .223 Serial No. 102809

1    Special Interest AUSA caliber 7.62 x 39 Serial No. B1230

**IX.  Firearms Purchased June 26, 2007 (count 20 & 21)**

4    Olympic Plinker caliber .223 Serial Nos: 0771, 0769, 0770, 0768

4    Colt 1911 caliber .38 Serial Nos: 38SS03142, 38SS03104, 2821065, 2821026

8    Century Champion caliber 7.62 x 39 Serial Nos: CN0913-07, CN0885-07, CN0709-07, CN0856-07, CN0002-07, CN0852-07, CN0099-07, CN0814-07

**X.  Firearms Purchased July 12, 2007 (counts 22 & 23)**

12    Colt Government caliber .38 Serial Nos: 2821042, 2820979, 2821019, 2821013, 2820973, 2821045, 2821027, 2821054, 38SS03109, 38SS03144, 38SS03102, 38SS03011

13    RockRiver Arms A4 Carbine caliber .223 Serial Nos. 98777, 95978, 96071, 99489, 98335, 98076, 99486, 98067, 104641, 96140, 95906, 99498, 95944

6    RockRiverArms A2 Carbine caliber .223 Serial Nos. 104113, 102953, 102807, 102921, 102939, 98821

4    RockRiver Arms LAR-15 caliber .223 Serial Nos. 102658, 102621, 101307, 102655

1    RockRiver Arms EntryTactical caliber .223 Serial No. 98379

**XI.  Firearms Purchased October 4, 2007 (Count 27)**

20    Colt Government caliber .38 Super Serial Nos.: 38SS03523, 38SS03519, 38SS03498, 38SS03524, 38SS03521, 38SS03516, 38SS03496, 38SS03406, 38SS03375, 38SS03234, 38SS03378, 38SS03360, 38SS03159, 38SS03529, 38SS03525, 38SS03500, 38SS03530, 38SS03528, 38SS03515, 38SS03495

| | |
|---|---|
| **10** | FNH-USA FiveSeven caliber 5.7x28mm Serial Nos: 386147055, 386147059, 386147068, 386146894, 386147047, 386147048, 386147060, 386147041, 386147044, 386147045 |
| **4** | CenturyArms WASR-10 caliber 7.62x39 Serial Nos: AB-1462-63, BP-4935-86, SAG-3140-81, AB-1344-80 |
| **1** | RockRiver Arms LAR-15 caliber .223 Serial No 102630 |
| **1** | Sierra Arms AUSA caliber 7.62x39 Serial No. B0424 |